IN THE COURT OF COMMON PLEAS
CLERMONT COUNTY, OHIO

**FILED**
2022 APR -1 PM 2:30
BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS
CLERMONT COUNTY, OH

| | |
|---|---|
| JONATHAN JAMES <br> 1908 W. Loveland Ave. <br> Loveland, OH 45140 <br><br>         Plaintiff, <br><br>         v. <br><br> WALMART INC. <br> 4370 Eastgate Square Drive <br> Cincinnati, Ohio 45245 <br><br>    Serve Also: <br>    Walmart Inc. <br>    c/o CT Corp. System (Stat. Agent) <br>    4400 Easton Commons Way, Suite 125 <br>    Columbus, Ohio 43219 <br><br>         Defendant. | CASE NO. 2022 CVH 00267 JUDGE HADDAD <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **JURY DEMAND ENDORSED HEREIN** |

Plaintiff JONATHAN JAMES by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

### PARTIES

1. James is a resident of the city of Loveland, Clermont County, state of Ohio.

2. Defendant WALMART INC. ("Walmart") is a foreign-incorporated, for-profit company that conducts business throughout the state of Ohio. The relevant location of the events and omissions of this Complaint took place was 4370 Eastgate Square Drive, Cincinnati, Ohio 45245.

### JURISDICTION & VENUE

3. All of the material events alleged in this Complaint occurred in Clermont County, Ohio.,

4. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. §2307.382(A)(1), (2), (3) and/or (4).

5. Venue is proper pursuant to Civ. R. 3(C)(1), (2), (3) and/or (6).

## FACTS

6. James is a former employee of Outstanding Sales Leadership Retail Services ("OSLRS").

7. At all times noted herein, James was qualified for his position with OSLRS.

8. At all times noted herein, James could fully perform the essential functions of his job, with or without a reasonable accommodation.

9. OSLRS is a company that operates within Walmart locations in efforts to sell cellular telephones and accessories.

10. James worked for OSLRS as a Mobile Sales Expert starting in August 2020.

11. James was stationed at the Eastgate Square Walmart Supercenter (the Defendant in this matter) for OSLRS.

12. James was wrongfully terminated from OSLRS on or around January 8, 2021, after getting swept up in a situation that did not involve him.

13. OSLRS tried to get James his job back, but Walmart refused to permit his reinstatement.

14. James' previous manager, Zach Johnston, sold a phone to an employee at the Eastgate Square Walmart's in-store Subway restaurant.

15. Johnston used James' login information to make the sale.

16. When an issue arose from that sale, both Johnston and James were fired, even though James had nothing to do with the sale.

17. In or around mid-June 2021, James heard from OSLRS District Manager Mike Walters, who acknowledged that OSLRS had made a mistake in firing him.

2

18. Walters said that he knew the sale was not James' fault that that OSLRS never meant to terminate James in the first place.

19. Walters asked James if he wanted his job back, and James responded yes.

20. Walters ensured James that he would reach out to Human Resources ("HR") to approve James' return to work.

21. Approximately one week passed, and James had not heard anything back from OSLRS.

22. James followed up with Walters, who informed James that he was still waiting on a decision from HR.

23. Approximately two weeks later, James followed up again, and again Walters said he was waiting on HR.

24. Finally, in or around early July 2021, Walters reached out to James and informed him that Walmart was refusing to permit James to return to work.

25. Walmart did not cite any further rationale for its decision.

26. Walmart's decision not to permit James to work was therefore arbitrary, illegitimate, and unlawful.

27. There was a business relationship between James working on behalf of OLSRS and Walmart.

28. Walmart was aware of this relationship.

29. After James' initial wrongful termination, OLSRS acknowledged its mistake and attempted to get James reinstated at Walmart.

30. Getting James his job back would have constituted a beneficial business relationship between James and OSLRS.

31. Instead of reinstating James, Walmart refused to permit him to return to work and did not cite any rationale.
32. Walmart had no privileged or legitimate reason to prevent James to return to work for OSLRS.
33. Without Walmart's approval, James could not get his job with OSLRS back, thus causing his initial termination to become permanent.
34. Walmart's arbitrary decision in the matter improperly interfered with James' business relationship.
35. As a result of James' inability to get reinstated, he has suffered and continues to suffer damages.
36. As a result of the above, James has suffered damages.

## COUNT I: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

37. James restates each and every prior paragraph of this Complaint, as if it were fully restated herein.
38. Plaintiff previously worked for OSLRS and attempted to return to work for OSLRS in June 2021.
39. Plaintiff's reinstated job with OSLRS would have constituted a beneficial business relationship between the two.
40. Defendant was aware of Plaintiff's attempt to reinstate his job with OSLRS.
41. Defendant was aware of OSLRS' attempt to reinstate Plaintiff's job.
42. Defendant then refused to allow Plaintiff to return to work at OSLRS.
43. Defendant's intent was to interfere with Plaintiff's reinstated job at OSLRS.

44. Defendant had no privileged or other legitimate reasons to interfere with Plaintiff's and OSLRS' beneficial business relationship.

45. OSLRS told Plaintiff that, because of Walmart's refusal to allow him to return, he could not be reinstated.

46. Plaintiff's reinstated position with OSLRS was then stopped before it could begin.

47. The failure to rehire Plaintiff to OSLRS was a breach of this beneficial business relationship.

48. Defendant's refusal to allow Plaintiff to return to OSLRS caused the breach of this beneficial business relationship.

49. As a direct and proximate result of Defendant's conduct, James suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, James demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

      v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge his personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate James for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,


  /s/ Evan R. McFarland  
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
      Trial Attorney
Brianna R. Carden (0097961)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com


*Attorneys for Plaintiff Jonathan James*


## JURY DEMAND

Plaintiff JONATHAN JAMES demands a trial by jury by the maximum number of jurors permitted.


  /s/ Evan R. McFarland  
Evan R. McFarland (0096953)